NUMBER 13-03-00446-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

MARK JAIME AGUILAR,                                                                  Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 347th District Court of Nueces County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Mark Jaime Aguilar,
guilty of the offense of attempted escape[1]
and assessed his punishment at two years in a state jail facility.  The trial court has certified that this Ais not a plea-bargain case, and [appellant]
has the right of appeal.@  See Tex. R. App. P. 25.2(a)(2).  By one point of error, appellant contends the
trial court erred in denying his motion for mistrial because the prosecutor
committed prosecutorial misconduct.  We
affirm.

Specifically, appellant complains of the
following direct examination of Nueces County Sheriff=s Department Lieutenant J. R. Ramos by the
prosecution:

Prosecutor:                Okay.  And let me see.  These are rather silly questions, but is the
Nueces County Jail a secure correctional facility?

 

Ramos:                       Yes.

Prosecutor:                Was Mark Aguilar confined at
that time in the Nueces County Jail?

 

Ramos:                       Yes.

 

Prosecutor:                And was he in custody?

 

Ramos:                       Yes.

 

Prosecutor:                This would have been an
unauthorized departure from custody if he had been released, correct?

 

Ramos:                       Yes, ma=am.

Prosecutor:                And was it your understanding
that he also was facing some federal weapons charges?

 

Defense Counsel:     Your Honor, I object.  That is not part of our - - we had a motion -
-

 

The Court:                  Sustained.

 








Defense
Counsel:     - - in limine,[2]
and we also had an agreement[3]
that it was the parole - - the weapons charge she was referring to was not
indicated.  It was only a charge.  He had been in there over eight months.

 

Prosecutor:                Objection
to a side bar, Your Honor.

The Court:                  Well, [Defense Counsel=s] objections [sic] is sustained.  I don=t think we need to go into those
matters.  

 

Prosecutor:                Yes,
Your Honor.

Defense
Counsel:     Your Honor, I object to that,
and I ask for it to be - - for you to instruct the jury for it to be stricken
from the record.  And I ask for a
mistrial, Your Honor.

 

The Court:                  Well, the jury will disregard
the remarks about the federal charges, if any. 
The matter is in the record.  The
jury has been instructed to disregard, and the application for mistrial is
denied.

 

                                                          *
* * * * * *

 

Prosecutor:                Okay, And does the Nueces County
Jail, does it operate by or under contract with the United States?

 

Ramos:                       Yes.

Prosecutor:                And does it confine persons
arrested or charged with or convicted of criminal offenses?

 

Ramos:                       Yes.

 








A trial court's denial of a motion for
mistrial is reviewed under an abuse of discretion standard.  Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999).  A mistrial halts trial
proceedings when error is so prejudicial that expenditure of further time and
expense would be wasteful and futile.  Id.  The determination of whether a given
error necessitates a mistrial must be made by examining the particular facts of
the case.  Id.  An improper question will seldom call for a
mistrial, because, in most cases, any harm can be cured by an instruction to
disregard.  Id.  Mistrials are an extreme remedy for
prejudicial events that occur during trial. See Bauder v. State, 921
S.W.2d 696, 698 (Tex. Crim. App. 1996).

Even when a prosecutor intentionally elicits
testimony or produces other evidence before the jury which is excludable at the
defendant's option, our law prefers that the trial continue.  Id. 
A mistrial is required only when the improper question is clearly
prejudicial to the defendant and is of such character as to suggest the
impossibility of withdrawing the impression produced on the minds of
jurors.  Ladd, 3 S.W.3d at 567; see
Bauder, 921 S.W.2d at 698 (mistrial applicable only when objectionable
event is so emotionally inflammatory that curative instructions will unlikely
prevent jury from being unfairly prejudiced against defendant).  

In order to preserve error, a defendant must
(1) make a timely and specific objection, (2) request an instruction that the
jury disregard the matter improperly placed before the jury, and (3) move for a
mistrial.  Cook v. State, 858
S.W.2d 467, 473 (Tex. Crim. App. 1993); see Tex. R. App. P. 33.1(a). 
An objection is timely if raised as soon as the grounds for objection
become apparent.  Tex. R. App. P. 33.1(a); Dinkins v. State, 894 S.W.2d
330, 355 (Tex. Crim. App. 1995).  An
error in admission of evidence is cured where the same evidence comes in
elsewhere without objection.  Ethington
v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).








The record reflects the trial court
sustained appellant=s objection regarding the federal charge.  We find nothing in the record showing the
statement was so emotionally inflammatory that the jury was unduly
prejudiced.  See Bauder, 921
S.W.2d at 698.  Therefore, we
conclude any harm that may have been committed was rectified when the trial court
instructed the jury to disregard the prosecutor=s statement. 
See Ladd, 3 S.W.3d at 567. 
We hold the trial court did not abuse its discretion in denying
appellant=s motion for mistrial. 

Appellant further asserts that after the
trial court sustained his objection to a question and denied his motion for
mistrial, the prosecutor continued the same line of questioning in violation of
the trial court=s ruling. 
In order to preserve error, a party must object each time inadmissible
evidence is offered.  Ethington,
819 S.W.2d at 858.  Because appellant did
not object to these subsequent questions, we hold he failed to preserve
error.  See Tex. R. App. P. 33.1(a); see also
Ethington, 819 S.W.2d at 858.  We
overrule appellant=s sole point of error.

The judgment of the trial court is
affirmed.               

 

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
4th day of August, 2005.











[1] See Tex. Pen.
Code Ann. '' 38.06, 15.01 (Vernon 2004).  





[2] Although appellant argues the
existence of a motion in limine, the record contains no such motion.





[3]
The only agreement found in
the record occurred after opening arguments when the State asked for a bench
conference with the trial court and defense counsel.  The court determined that the State could Arefer to the charge as to why he is
in the jail, but . . . don=t . . . be reckless.@  However, no mention
was made regarding what appellant was charged with at the time of the attempted
escape.